**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Seung Hun La | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 16-cv-03794 |
| | ) | |
| Dempster Eye Care, P.C. and Sun Ae Ma | ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT

Plaintiff, Seung Hun La, through his attorney Ryan Kim of Inseed Law, P.C., for his

Complaint against Dempster Eye Care, P.C. and Sun Ae Ma ("Defendants"), states as

follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.        This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*

("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 10511 *et. seq.* ("IMWL") for

Defendants' failure to pay overtime wages to Plaintiff. During his employment by

Defendants, despite Plaintiff worked over forty (40) hours per week, Plaintiff was not

paid overtime wages properly. Plaintiff further alleges that Defendants' failure to pay the

overtime wages is willful and intentional.

## THE PARTIES

2.        Plaintiff was employee of Defendants.

3.        Plaintiff is an individual employed in the State of Illinois by Defendants.

4.        Plaintiff resides in the State of Georgia.

5.       Plaintiff is a non-exempt employee within the meaning of the FLSA, and the Illinois Minimum Wage Law, and the implementing rules and regulations of the FLSA and the Illinois Minimum Wage Law.

6.       Plaintiff is filing this FLSA claim as individual action for himself.

7.       For the period commencing on or about March 1, 2016 until March 9, 2016, Plaintiff Seung Hun La regularly and customarily at the specific instructions and demand of Defendants performed work for Defendants over forty (40) hours per week.

8.       Plaintiff performed work for Defendants the said excess of forty (40) hours per week work as an express condition of him continued employment.

9.       Throughout Plaintiff's employment, Defendants paid Plaintiff amounts fewer than the amount Defendant promised initially.

10.      Plaintiff regularly worked over 40 hours a week and was not paid the proper overtime wages.

11.      Plaintiff regularly worked over 40 hours per week while employed by Defendants.

12.      Plaintiff performed manual labor for Defendants.

13.      Plaintiff was assigned to the said manual labor by Defendants.

14.      Plaintiff did not have to possess any specialized skills to do the assigned work for Defendants.

15.      Plaintiff did not have to supply his own tools and equipment for his work for Defendants.

16.      Plaintiff had to report to work for Defendants at a certain time.

17.      Plaintiff could not set his own hours of work for Defendants.

18.     Plaintiff was not compensated at the proper overtime rate for hours worked over forty (40) hours per week.

19.     Defendant, Sun Ae Ma is and was at all times engaged in the business of Optometry.

20.     Defendant, Sun Ae Ma is and was at all times engaged in the interstate commerce.

21.     Defendant Sun Ae Ma ("Ma") managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

22.     Defendant Ma assigned work to Plaintiff.

23.     Defendant Ma had the power and authority to discipline Plaintiff.

24.     Defendant Ma exercised authority over the terms and conditions of Plaintiff's employment and how much and how Plaintiff was paid.

25.     Defendant Ma hired Plaintiff.

26.     Defendant Ma were in charge of paying employees.

27.     Defendant Ma told Plaintiff where to work and when to work.

28.     Defendant Ma participated in and approved of the unlawful pay practices of the corporate Defendant Dempster Eye Care, P.C..

29.     Defendants employed Plaintiff to work for them in the State of Illinois.

30.     Defendants, during all times, were subject to the FLSA due to the nature of their business and revenues earned.

31.     Defendants provided the tools and equipment and materials for Plaintiff to do his job with Defendants.

32.     Defendants held Plaintiff out as an employee.

3

33.    Defendants employed and paid Plaintiff as their employee.

34.    Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the Illinois Minimum Wage Law.

35.    Defendants' failure to properly pay Plaintiff for overtime wages was intentional and willful.

36.    No exemption from overtime wages applied to Plaintiff's employment with Defendants.

37.    Defendants never obtained legal advice or counsel that them overtime pay practices and/or policies complied with state and federal wage-hour laws.

38.    Defendants obtained no written guidance from the U.S. Department of Labor concerning their pay practices and policies.

39.    No exemption from overtime applies or applied to Plaintiff when he worked or works over 40 hours in a workweek for Defendants.

40.    Defendants failed to pay Plaintiff overtime compensation for all hours worked over 40 hours per workweek.

41.    Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

42.    Defendant Dempster Eye Care, P.C. is an Illinois corporation doing business as a Optometry and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

43.    Defendant Ma is a citizen and resident of Cook County and is an Optometrist and the President of Defendant Dempster Eye Care, P.C.

## JURISDICTION AND VENUE

44.     This Court has jurisdiction over Plaintiff's FLSA claims under 29 U.S.C. §

216(b). Venue is proper in this judicial district as the facts and events giving rise to

Plaintiff's claims occurred in this judicial district. This Court has supplemental

jurisdiction over Plaintiff's state law claims under 28 U.S.C § 1367.

### COUNT I
### Violation of the Fair Labor Standards Act -Overtime Wages

45.     All allegations are incorporated and Plaintiff repeats and realleges every

allegations set forth as though set forth fully at length .

46.     This count arises from Defendants' repeated violation of the Fair Labor

Standards Act, 29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages to

Plaintiff and other similarly situated employees for all hours worked.

47.     For Plaintiff Seung Hun La, for the period commencing on or about March 1,

2016 until March 9, 2016, Plaintiff Seung Hun La regularly and customarily at the

specific instructions and demand of Defendants performed work for Defendants over

forty (40) hours per week.

48.     Plaintiff performed work for Defendants the said excess of forty (40) hours per

week work as an express condition of his continued employment.

49.     When Defendant Ma was hiring Plaintiff, she offered Plaintiff $25.00 per hour.

And for beginning of two month, as a training period, Ma offered Plaintiff La $4,000 per

month.

50.     Plaintiff regularly worked over 40 hours a week and was not paid the proper

overtime wages.

51.     This Court has jurisdiction to hear this Count under 29 U.S.C. §216(b) and venue is proper in this judicial district.

52.     During their employment by Defendants, Plaintiff were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

53.     Plaintiff was directed by Defendants to work, and did so work, over forty (40) hours per week.

54.     Under 29 U.S.C. §207, for all weeks during which Plaintiff worked over forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times their regular rate of pay.

55.     Defendants did not compensate Plaintiff at one and one-half times their regular rate of pay for hours worked over forty (40) hours in individual workweeks.

56.     Defendants' failure and refusal to pay overtime wages for hours worked over forty (40) hours per week violated the Fair Labor Standards Act, 29 U.S.C. §207.

57.     Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked over forty (40) hours per week.

    WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in one and one-half times Plaintiff's regular rate for all hours which Plaintiff worked over forty (40) hours per week;

B.      Liquidated damages in an amount equal to unpaid overtime compensation found due;

C.      Reasonable attorney's fees and costs in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.


**COUNT II**
**Violation of the Illinois Minimum Wage Law - Overtime Wages**

6

58.     All allegations of the Complaint are incorporated and Plaintiff repeats and realleges every allegations set forth as though set forth fully at length .

59.     This Court has supplemental jurisdiction over the matters alleged under 28 U.S.C. §1367.

60.     The matters in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff sues under 820 ILCS 105/12(a).

61.     Under 820 ILCS 105/4a, for all weeks during which Plaintiff worked over forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times their normal hourly rate of pay for hours worked over forty (40) hours per week.

62.     Defendants failed to compensate Plaintiff's overtime wages for hours worked over forty (40) in individual work weeks.

63.     Defendants violated the Illinois Minimum Wage Law by not compensating Plaintiff's overtime wages for hours worked over forty (40) in individual work weeks.

64.     Defendants willfully violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-halftimes their regular rate of pay for hours worked over forty (40) hours per week.

65.     Under 820 ILCS 105/12(a), Plaintiff was entitled to recover unpaid wages for at least three years prior to filing this suit, plus punitive damages for two percent (2%) per month of under payments.

    WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in one and one-half times Plaintiff's hourly wage rate for all hours which Plaintiff worked over forty (40) hours per week

7

B.      Punitive damages under the formula in 820 ILCS105/12(a);

C.      Reasonable attorney's fees and costs in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: March 29, 2016

                                              /s/ Ryan Kim
                                              Ryan J. Kim

                                               INSEED LAW, P.C.
                                               2454 E Dempster St Suite 301
                                               Des Plaines, IL 60016
                                               Attorney for Plaintiff{s}