IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEUNG HUN LA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16-cv-03794 |
| v. ) | |
| ) | District Judge Hon. Jorge L. Alonso |
| DEMPSTER EYE CARE, P.C. and ) | |
| SUNAE MA ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Defendants, DEMPSTER EYE CARE, P.C. ("DEC") and SUNAE MA ("Ma"), by and through their undersigned attorneys, file this Memorandum of Law in Support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## I. INTRODUCTION

This Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Law ("IMWL") case arises out of an alleged failure to pay overtime wages for the workweek ending March 5, 2016. Specifically, in his complaint, Plaintiff alleged that he "was not paid overtime wages properly." (Dkt. 1, Complaint at ¶ 1.) Plaintiff did not assert a claim for unpaid minimum wage.

Contrary to his complaint, Plaintiff has now testified that he is *not* seeking a claim for unpaid overtime. If he is neither seeking claims for unpaid minimum wage nor unpaid overtime, then Plaintiff has no grounds whatsoever to proceed on his FLSA and IMWL lawsuit. Plaintiff's recent testimony is consistent with the admissions and documents produced during discovery, which revealed that Plaintiff was fully paid for his 7 hours of overtime during the workweek of March 5, 2016 at one and one-half times his hourly rate of $15.52. This is a fact, and one that is

undisputed. Unfortunately, Plaintiff has brought this lawsuit and continues to prosecute his claims in bad faith.

Therefore, Defendants are entitled to judgment on all of Plaintiff's claims because they have fully complied with the FLSA and the IMWL by paying Plaintiff one and one-half times his hourly rate of $15.52 for all hours worked over 40 hours in a workweek.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiff began working for DEC on March 1, 2016 as an optician. (Dfts.' LR 56.1 Stmt., ¶¶ 1-5, 8.) Plaintiff worked in that role until his termination on March 9, 2016. (Dfts.' LR 56.1 Stmt., ¶¶ 6, 9.) Plaintiff was non-exempt under the FLSA and the IMWL. (Dfts.' LR 56.1 Stmt., ¶ 7.)

There is no dispute about the hours worked by Plaintiff. For the workweek ending Saturday, March 5, 2016, Plaintiff worked a total of 47 hours. (Dfts.' LR 56.1 Stmt., ¶ 10.) For the workweek ending Saturday, March 12, 2016, Plaintiff worked a total of 28 hours. (Dfts.' LR 56.1 Stmt., ¶ 11.) Plaintiff concedes that Defendants do not owe Plaintiff overtime wages for the workweek ending March 12, 2016. (Dfts.' LR 56.1 Stmt., ¶ 12.)

Plaintiff was paid at the hourly rate of $15.52 per hour. (Dfts.' LR 56.1 Stmt. ¶ 15; Ex. C, Pl.'s Dep. at Ex. 3, Paystub.) Plaintiff received his bi-weekly paycheck for the workweeks of March 5 and March 12, 2016. (Dfts.' LR 56.1 Stmt. ¶ 13.) Plaintiff also received a paycheck stub that itemized and summarized his gross and net pay. (Dfts.' LR 56.1 Stmt. ¶¶ 14, 17-19.)

His paystub affirmatively shows that Plaintiff was paid an hourly rate of $15.52 for 68 hours (40 hours for the March 5, 2016 workweek and 28 hours for the March 12, 2016 workweek) for a total of $1,055.36 in straight time earnings. (Dfts.' LR 56.1 Stmt. ¶ 15.) It also shows that Plaintiff was paid at the hourly rate of $23.28, which is one and one-half times

$15.52, for the 7 overtime hours worked during the March 5, 2016 workweek, for a total of $162.96 in overtime earnings. (Dfts.' LR 56.1 Stmt. ¶ 16.)

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, "show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *see also Mills v. Health Care Serv. Corp.*, 171 F.3d 450, 458 (7th Cir. 1999). A plaintiff opposing summary judgment must present admissible evidence showing a genuine issue of material fact, and a scintilla of evidence or evidence that is not significantly probative is insufficient. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). A plaintiff "cannot rest on [his] own deposition, or self-serving affidavits, to meet [his] burden of proof," *Gilmour v. Abbott Labs.*, No. 03-C-9076, 2005 WL 947082, at *6 (N.D. Ill. Apr. 11, 2005). To prove a claim for unpaid wages under the FLSA or the IMWL, "[t]he employee bears the burden of proving that she performed overtime work for which she was not properly compensated." *Kellar v. Summit Seating Inc.*, 664 F.3d 169, 173 (7th Cir. 2011). Courts apply this same analysis to FLSA and IMWL claims. *See, e.g., Mitchell v. JCG Indus.,* 929 F. Supp. 2d 827 (N.D. Ill. 2013).

### IV. ARGUMENT

**A.     All of the Evidence Shows that Defendants Complied with the FLSA's Overtime Pay Requirements.**

The FLSA requires covered employers to pay nonexempt employees at least the statutory minimum wage for all hours worked and overtime pay for hours worked over 40 in a workweek. *See* 29 U.S.C. §§ 206(a)(1), 207(a)(1). For an employee who is paid an hourly rate, that overtime rate is one and one-half times the employee's hourly rate. *See* 29 C.F.R. § 778.110.

3

There can be no dispute that Defendants fully complied with the FLSA and the IMWL by paying Plaintiff one and one-half times the hourly rate of $15.52 for the 7 hours of overtime worked during the workweek ending March 5, 2016. Realizing this to be the case, Plaintiff has now admitted that he <u>is not</u> seeking a claim for unpaid minimum wage and <u>is not</u> seeking a claim for unpaid overtime. (Dfts.' LR 56.1 Stmt., ¶¶ 22-23.) Specifically, Plaintiff testified:

Q. … What is your understanding of the basis of the lawsuit?

**A. The agreed amount was not paid out.**

Q. Are you claiming that Dr. Ma did not pay you minimum wage?

**A. No.**

Q. Are you claiming that Dr. Ma did not pay you overtime?

**A. No.**

(Ex. C, Pl.'s Dep. at 16:9-17.) As such, Plaintiff had no basis whatsoever to proceed on his FLSA and IMWL claims and has been doing so all along in bad faith.

There is, therefore, no genuine issue of material fact on Plaintiff's claim for denial of overtime pay under the FLSA and the IMWL, and Defendants are entitled to judgment as a matter of law.

B. **Plaintiff Cannot Offer Any Evidence that Defendants Failed to Properly Pay his Overtime Hours.**

Plaintiff has now admitted that he is not seeking claims for unpaid minimum wage or unpaid overtime. Instead, Plaintiff contends that he was allegedly promised an hourly rate of $25.00 and, therefore, he is entitled to assert claims under FLSA and IMWL to seek the recovery of the difference between his belief and his actual paid hourly rate of $15.52. (*See* Ex. B, Pl.'s Ans. to Ds' Interrog. at ¶¶ 10, 11, 13 and 14.) The FLSA and IMWL, however, do not permit this form of contractual recovery under those statutes.

4

In *Conner v. Celanese, Ltd.*, 428 F. Supp. 2d 628 (S.D. Tex. 2006), the court squarely addressed this very issue and rejected a similar argument. The employer in *Conner* adjusted the pay rate of the 12-hour shift employees to be .857 of the 8-hour shift employees, thus resulting in a lower hourly rate for the 12-hour shift employees. *Id.* at 631-32. The plaintiffs, who had originally been paid at the higher 8-hour shift hourly rate, denied being told about the pay adjustment and filed a lawsuit alleging, *inter alia*, an FLSA overtime claim. *Id.* at 633. Similar to the Plaintiff in the instant case, the *Conner* plaintiffs argued that their employer violated the FLSA by denying them overtime compensation at one and one-half times the higher hourly rate of the 8-hour shift employees. *Id.* at 636-37. There was no dispute that the employer actually paid overtime based on the lower hourly rate for 12-hour shift employees. *Id.* at 637. After thoroughly evaluating the parties' positions, the court rejected the plaintiffs' claim and entered summary judgment in favor of the employer on the FLSA overtime claim.

In doing so, the court noted that "[f]or an employee that is paid an hourly rate, that hourly rate is the employee's regular rate." *Id.* at 636 (citing 29 C.F.R. § 778.110(a)). The court then found that the Supreme Court and Fifth Circuit held that an employee's regular rate of pay for purposes of overtime is the hourly rate *actually paid* to the employee for the normal, non-overtime workweek. *Id.* at 637 (citing *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 425 (1945) and *York v. City of Wichita Falls, Tex.*, 48 F.3d 919, 921 (5th Cir. 1995)). Based on Supreme Court precedent, the *Conner* court held that because there was no dispute that the plaintiffs were actually paid at the lower hourly rate, this lower rate was the "regular rate" for purposes of calculating the plaintiffs' overtime pay under the FLSA and, consequently, the employer complied with the overtime calculation provision of the FLSA. *Id.* at 637. The *Conner* court then noted that even if there existed a misunderstanding of whether the plaintiffs were to be

5

paid at the higher 8-hour shift rate or lower 12-hour shift rate, "'that is *not* the equivalent to a FLSA violation.'" *Id.* (citing *Hartsell v. Dr. Pepper Bottling Co. of Texas*, 207 F.3d 269, 274 (5th Cir. 2000) (emphasis in original)).

No Seventh Circuit or Northern District of Illinois decisions have squarely addressed the issue presented in this case and in *Conner*. However, just as the *Conner* court was bound to follow the Supreme Court's understanding of the regular rate of pay as codified in the FLSA and explained in its regulations, this Court is also bound by Supreme Court precedent. In short, because the Supreme Court has held that the regular rate of pay for purposes of FLSA overtime calculation is the hourly rate *actually paid* to the employee, the employer does not violate the FLSA if it paid overtime based on one and one-half times the actual hourly rate, even if the employee believes he or she should have paid at a higher hourly rate.

Like *Conner*, because Plaintiff was paid at the actual hourly rate of $15.52 and then paid one and one-half times $15.52 (or $23.28) for the 7 overtime hours, Defendants have complied with the overtime calculation provision of the FLSA. Plaintiff can offer no evidence to show that Defendants did not comply with the FLSA overtime provision. Because there is no genuine issue of material fact on Plaintiff's FLSA/IMWL overtime claim, Defendants are entitled to judgment as a matter of law.

C.   **Relocation Reimbursement is Not Included in the Regular Rate of Pay.**

Included within Plaintiff's paycheck was a payment of $500.00. Plaintiff was paid this amount as reimbursement for relocation expense to cover Plaintiff's costs of moving from Georgia to Illinois and to cover his apartment rental cost. (Dfts.' LR 56.1 Stmt. ¶ 18.) As such, this amount was not made as compensation for his hours of employment. 29 C.F.R. § 778.200 provides that the regular rate of pay shall not include "reasonable payments for traveling

expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer; and other similar payments to an employee which are not made as compensation for his hours of employment…" Thus, the reimbursement of $500.00 was properly excluded from the overtime pay computation by Defendant in accordance with the FLSA and its regulations.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that their Motion for Summary Judgment be granted and that summary judgment be entered in favor of Defendants on all of Plaintiff's claims.

Date: September 19, 2016                    Respectfully submitted,

**DEMPSTER EYE CARE, P.C. and**
**SUNAE MA**


By: /s/ Peter C. Kim

Peter C. Kim
LITCHFIELD CAVO LLP
303 W. Madison St., Suite 300
Chicago, Illinois 60606
Tel: (312) 781-6601
E-mail: kimp@litchfieldcavo.com

**CERTIFICATE OF SERVICE**

I certify that on September 19, 2016, I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of Illinois by using the CM/ECF system, which will send a notice of electronic filing to the attorneys of record.

/s/ Peter C. Kim

Peter C. Kim
LITCHFIELD CAVO LLP
303 W. Madison St., Suite 300
Chicago, Illinois 60606
Tel: (312) 781-6601
E-mail: kimp@litchfieldcavo.com