**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SEUNG HUN LA,<br>        Plaintiff, | Case No. 16 C 3794 |
| v. | Judge  Jorge L. Alonso |
| DEMPSTER EYE CARE, P.C., and SUNAE<br>MA,<br>        Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Seung Hun La filed this action against defendants Dempster Eye Care, P.C., and its president Sunae Ma for unpaid overtime wages under the Fair Labor Standards Act (FLSA) and the Illinois Minimum Wage Law.  [Dkt 1.]  La subsequently amended his complaint to add state law claims of breach of contract and unjust enrichment.  [Dkt 31.]  Before the Court is Defendants' motion for summary judgment on the FLSA claim.  [Dkt 24.]

For the following reasons, the Court grants Defendants' motion.  The Court declines to exercise supplemental jurisdiction over the remaining state law claims and therefore dismisses them without prejudice.

## BACKGROUND

This lawsuit revolves around La's claim for unpaid overtime wages during his short-lived employment with Dempster Eye Care.  La worked as an optician for Dempster Eye Care for less than two weeks, from March 1, 2016 to March 9, 2016.  [Dkt 29-1 ¶¶ 5, 6.]  He worked 47 hours during his first week of employment, and 28 hours during his second.  (*Id.* ¶¶ 10, 11.)   He does

not seek any overtime compensation for the week in which he worked less than 40 hours. (*Id.* ¶ 12.)

La was paid an hourly rate of $15.52 for 68 hours (40 for the first week, 28 for the second) for a total of $1,055.36, and an hourly rate of $23.28 (which is one and one-half times $15.52) for seven overtime hours for a total of $162.96. (*Id.* ¶¶ 15, 16.)   He was also paid $500 for relocation expenses associated with moving to Chicago to accept the job. (*Id.* ¶18.)  La's single paycheck and corresponding pay stub from Dempster Eye Care, for $ 1,718.32, reflects these calculations. (*Id.* ¶ 13-21.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Zaya*, 836 F.3d at 804 (citing *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986)).

In ruling on a motion for summary judgment, the court must consider the record as a whole, in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *See Anderson*, 477 U.S. at 255. The party seeking summary judgment has the initial burden of showing that there is no genuine dispute and that it is entitled to judgment as a matter of law. *See Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). If the moving party demonstrates the absence of a disputed issue of material fact, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Id.* "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an

otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48. "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*; *accord Carroll*, 698 F.3d at 564.

## DISCUSSION

The dispute between the parties is simple. La says Ma promised to pay him $25 per hour, not $15.52, to work at Dempster Eye Care. According to La, Defendants shortchanged him by paying him less than $25 per hour, and by paying him overtime based on time and a-half of the lesser $15.52 hourly rate. Defendants move for summary judgment on the FLSA claim on the ground that even if the parties disagree as to La's hourly rate they complied with the FLSA's overtime requirements.[1]

The FLSA generally requires that covered employees who work more than 40 hours in a work week be paid at least one and one-half times their regular rate of pay for each overtime hour worked. *See* 29 U.S.C. § 207(a)(1). Each week stands alone for purposes of determining overtime pay. *See* 29 C.F.R. § 778.104. In other words, with certain exceptions, the compensation owed for hours worked is determined on a weekly basis. For an employee who is "employed solely on the basis of a single hourly rate, the hourly rate is the [employee's] 'regular rate.'" *See* 29 C.F.R. § 778.110(a). It is well settled that "[w]hile the words 'regular rate' are

---

[1] Defendants also argue that summary judgment should be granted because La did not support his opposition (and in particular his claimed hourly rate) with evidence other than his own declaration. The Court need not address this argument since La's FLSA claim fails as a matter of law.

not defined in the Act, they obviously mean the hourly rate actually paid for the normal, non-overtime workweek." *Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37, 40 (1944).

There is no dispute that La was a covered employee under the FLSA or that Dempster Eye Care was an "employer" as that term is defined in the FLSA. Likewise there is no dispute as to Defendants' tabulation of the number of hours La worked, or that La was paid time and a-half for the seven hours he worked in excess of 40 during the single week at issue. The parties' only disagreement is the question of which hourly rate was La's "regular rate" under 29 C.F.R. § 778.110(a) – $25 per hour according to La, or $15.52 per hour according to Defendants. Because La says it was $25, he argues Defendants violated the FLSA by not paying him full overtime calculated from that hourly rate. Time-and-a-half of a $25 hourly rate is $37.50, not $23.28, so according to La, he was shortchanged $14.22 for each overtime hour he worked.

The problem with La's theory is that the FLSA does not provide a vehicle for addressing this dispute nor does it define the "regular rate" of pay. Under the FLSA, the regular rate of pay is an "actual fact." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945). The only relevant inquiry for an FLSA overtime claim is whether the employer properly calculated and paid overtime pay in accordance with its time and a-half calculation. The purpose of FLSA's overtime requirement is "to compensate those who labored in excess of the statutory maximum number of hours for the wear and tear of extra work and to spread employment through inducing employers to shorten hours because of the pressure of extra cost." *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 460 (1948). To this end, overtime hours must be compensated "at a rate not less than one and one-half times the regular rate at which [the employee] is employed." 29 U.S.C. § 207(a)(1).

Because La does not dispute that he was actually paid the lower hourly rate for the straight hours he worked, that is his "regular rate" for purposes of calculating his overtime pay under the FLSA. *See Connor v. Celanese, Ltd*., 428 F. Supp. 2d 628, 637 (S.D. Tex. 2008) (granting summary judgment to employer where plaintiffs claimed entitlement to a posted higher hourly rate but agreed that defendant had actually paid them both the lower hourly rate for straight time and time-and-a-half of that rate for overtime). La concedes that Defendants properly calculated his overtime pay; he only complains that Defendants used the wrong hourly rate. While La's claim might give rise to a breach of contract action, and the FLSA might inform a damages analysis in that context, the FLSA does not provide a remedy for the claim that La asserts. *See Connor*, 428 F. Supp. 2d at 637.

To support his theory of an FLSA overtime violation, La relies on a 10th Circuit decision in which the court stated that to determine an FLSA overtime claim, the court looks to the actual amount the parties agreed upon for compensation, and a footnote in an unreported 10th Circuit decision citing the same case. [*See* dkt 29 at 3 (citing *Chavez v. City of Albuquerque*, 630 F.3d 1300, 1304-05 (10th Cir. 2011), and *Francisco v. Susano*, No. 12-1376, 525 Fed. Appx. 828 (10th Cir. 2013)).] Based on this language, he urges that the FLSA requires determination of the hourly rate to which the parties agreed, not just what La was actually paid. Neither case however supports his position. In *Chavez*, the court found that the provisions of a collective bargaining agreement did not control the definition of regular rate of pay because the regular rate is "an actual fact" – it is "the hourly rate actually paid for the normal, non-overtime workweek." *Chavez*, 630 F.3d at 1305 (quoting *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944)). The court made a similar observation in its footnote discussion in *Francisco*, a decision about damages under the Trafficking Victims Protection Act. 525 Fed. Appx. at 830 n. 3 (noting in

dicta that because the FLSA requires overtime to be paid at a rate not less than one and one-half times the regular rate, overtime claims look to the actual amount the parties agreed upon for compensation).

The parties do not dispute what La was actually paid for the normal non-overtime workweek. La only says he was promised more. "Even assuming some form of breach of contract by [defendants], that is *not* equivalent to a[n] FLSA violation." *Connor*, 428 F. Supp. 2d at 637 (emphasis in original) (quoting *Hartsell v. Dr. Pepper Bottling Co. of Texas*, 207 F.3d 269, 274 (5th Cir. 2000) (rejecting premise that employer and employee's agreement as to daily rate pay must be demonstrated to determine FLSA overtime claim and holding, "All that is required is that employee be, in fact, paid a day rate")). Because it is undisputed that Defendants complied with the FLSA's mandate of time and one-half of the actual hourly rate they paid to La, summary judgment to Defendants on La's FLSA overtime claim is proper.

## CONCLUSION

For the reasons discussed above, Defendant's motion for summary judgment [24] is granted. The Court declines to exercise supplemental jurisdiction over the remaining state law claims, and therefore dismisses them without prejudice. Civil case terminated.

Date: 11/13/2017

_____

Jorge L. Alonso
United States District Judge